FLOYD HOLLIFIELD v. RACHEL S. DANNER AND HUSBAND, FRED RICHARD DANNER

No. 7125SC178

(Filed 28 April 1971)

Automobiles § 62— accident case — negligence in striking pedestrian — sufficiency of evidence

> Evidence by plaintiff pedestrian that during a heavy rainstorm the defendant's automobile struck an accumulation of water which flew onto defendant's windshield and that the automobile swerved and struck the plaintiff, who was one foot away from the paved portion of the road, *held* sufficient to withstand defendant's motion for a directed verdict.

APPEAL by plaintiff from *May, Judge of Superior Court*, 31 August 1970 Session, BURKE Superior Court.

Plaintiff instituted this action to recover for personal injuries allegedly suffered by him as a result of the negligence of defendant in the operation of her husband's car.

Plaintiff's evidence tends to show that at about 6:30 a.m. on 20 January 1969 plaintiff was walking north along the left shoulder of Bethel Road in Morganton on his way to work. It was dark and it was raining heavily. Defendant Rachel Danner approached from the opposite direction driving her husband's

automobile south along Bethel Road. Water was "slipper-top" deep in the road and was accumulating on a bridge which was about 60 feet north of plaintiff. As defendants' automobile crossed the bridge it struck the water which flew up over defendants' windshield; and defendant swerved toward plaintiff, striking him with the right front edge of her bumper and throwing him against her windshield, and causing the injuries and damages complained of. At the time defendant struck plaintiff, plaintiff was one foot from the paved portion of the road, and the wheels of defendants' vehicle were on the paved portion.

At the close of plaintiff's evidence defendants' motions for a directed verdict were allowed. Plaintiff appealed.

*Hatcher, Sitton & Powell by Claude S. Sitton for plaintiff.*

*Byrd, Byrd & Ervin by Thomas R. Blanton III for defendants.*

BROCK, Judge.

Plaintiff alleged, *inter alia,* that defendant failed to keep her vehicle under proper control, that she failed to maintain a proper lookout, and that she drove at an unreasonable speed under the circumstances then existing. Under the evidence in this case we hold that whether defendant was negligent in one of the respects alleged, and whether that negligence was one of the proximate causes of plaintiff's damages, are questions to be resolved by the jury, unless plaintiff's evidence has shown him to be guilty of contributory negligence as a matter of law.

Although there are inferences of negligence on the part of plaintiff which might legitimately be drawn from the evidence, in our opinion the evidence does not disclose as a matter of law that plaintiff was contributorily negligent.

Admittedly the evidence in this case presents close factual questions, but a decision by a jury is necessary to settle the factual dispute.

New trial.

Judges MORRIS and HEDRICK concur.